IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLORIA COSTA, Parent on behalf of F.R.A., a minor child,

    Plaintiff,

  v.

JO ANNE B BARNHARD, Commissioner, Social Security Administration,

    Defendant.

No. C 06-04607 WHA

**ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (3) REMANDING FOR FURTHER PROCEEDINGS**

## INTRODUCTION

In this social security appeal, this order holds that the administrative law judge erred in failing to make a specific finding on the limitations imposed by the side effects of the medications used to ameliorate the applicant's Tourette's Syndrome and ADHD. Accordingly, plaintiff's motion for summary judgment is **GRANTED IN PART** and defendant's motion for summary judgment is **DENIED**. This case is **REMANDED** for further proceedings consistent with this order. This order, however, does not compel any particular outcome. Rather, this order remands for a more specific finding and then re-consideration by the ALJ in light of that finding.

**STATEMENT**

**1. PROCEDURAL HISTORY.**

On June 7, 2004, F.R.A., age 13, applied for supplemental security income, alleging she became disabled on April 1, 2004, due to ADHD and a tic disorder. Her application was denied both initially and upon reconsideration. An administrative hearing was timely requested (AR 41, 48, 53, 63–66, 68).

On February 21, 2006, plaintiff had a hearing before ALJ Brenton Rogozen. The ALJ rendered a decision on March 29, 2006, finding that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review (AR 5, 14, 22). Plaintiff filed an action in this Court on July 27, 2006, seeking judicial review pursuant to 42 U.S.C. 405(g). The parties now make motions for summary judgment. At issue is the ALJ's consideration of testimony and evidence documenting the physical effects of plaintiff's medications in his determination of a less than marked limitation in the health and physical well-being domain.

**2. TESTIMONY AT THE ADMINISTRATIVE HEARING.**

At the hearing before the ALJ, plaintiff's mother, Gloria Acosta, testified on her behalf.[1] Ms. Acosta testified that F.R.A. was in the eighth grade and attended conventional classes under a 504-plan except for math which was an English as a Second Language class.[2] Plaintiff had been home-schooled for the last three months of the seventh grade. Ms. Acosta stated that Dr. Michelle Banducci, the treating psychiatrist, recommended home-schooling based on conversations about plaintiff's inability to do the work in school because "the medication [plaintiff] was taking made her real tired and sleepy, and she couldn't concentrate, and also because of the ticks [sic] . . . [which] would disturb her" (AR 335–37). Ms. Acosta testified that plaintiff's medications were Prozac, Haldol, Cogentin, and Tenex and that the medications kept the Tourette's Syndrome under control but that stress triggered the tics. Ms. Acosta

---

[1] At the hearing, Gloria Acosta testified under the name of Gloria Banales.

[2] A 504-plan accommodates students with special needs by granting modified workloads as compared to mainstream academic expectations. F.R.A.'s plan called for "weekly progress report, extended day/help classes, allow extra time to complete assignments as needed except for sketchbook, [and] modified homework quantity" (AR 126, 352–53).

2

1 reported that plaintiff had a short attention span and difficulty completing tasks at home.
2 Ms. Acosta asserted that side effects of the medications included weight gain, lack of a
3 menstrual cycle, and tiredness. She stated that plaintiff took three-to four-hour naps after
4 school (AR 338–43).

### 3. MEDICAL EVIDENCE.

The medical evidence was summarized in the ALJ's decision (AR 16–22). In brief, Dr. Banducci stated in her declaration that F.R.A.'s reported side effects included tiredness, weight gain, and a change in blood pressure. But the effect on plaintiff's blood pressure was favorable as she was prone to borderline high blood pressure. Dr. Banducci opined that plaintiff's impairments were marked in the following domains: acquiring and using information, attending to and completing tasks, and interacting and relating with others. She did not conclude as to the other domains (AR 317–330).

Dr. Daniel Seffinger, plaintiff's treating psychologist, noted that "Haldol caused . . . severe side effects" and that plaintiff was "very sensitive to meds" (AR 187). The medical expert, Dr. Moses Grossman, testified that plaintiff had three problems: attention deficit disorder, Tourette's Syndrome and side effects of the medications, but that the combination did not equal a listing.[3] He gave a health and physical well-being score of "less than marked because of Tourette's Syndrome" (AR 355–56, 358).

### ANALYSIS

### 1. LEGAL STANDARD.

A decision denying disability benefits must be upheld if it is supported by substantial evidence and free of legal error.

> Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. To determine whether substantial evidence supports the ALJ's decision, [the court] review[s] the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. The ALJ is responsible for

---

[3] Throughout the record ADHD and ADD were used interchangeably to describe F.R.A.'s impairment. Her impairment was diagnosed as Attention-Deficit/ Hyperactivity Disorder, Predominately Inattentive Type (AR 255).

3

> determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. The court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.

*Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (internal citations omitted). The claimant has the burden of proving disability. *Id.* at 1040. The court may only look to the administrative record when reviewing an ALJ's decision. 42 U.S.C. 405(g).

To be considered disabled and eligible for SSI under the Social Security Act, a child under the age of eighteen must have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 1382c(a)(3)(C)(i). The regulations delineate a three-step sequential evaluation process to determine if a child is disabled. A child will be found to be disabled (1) if he or she is not working or engaged in substantial gainful activity; (2) if he or she has a medically determinable impairment or combination of impairments that is severe; and (3) if the impairment(s) meets, medically equals, or functionally equals the severity of impairments listed in 20 C.F.R. 404, subpt. P, app. 1. 20 C.F.R. 416.924. For functional equivalence, a child must show "marked" limitations in two domains of functioning or "extreme" limitation in one domain. 20 C.F.R. 416.926(a). The six domains include: (1) acquiring and using information; (2) attending to and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. 416.926a(b)(1)(i)-(vi). A marked limitation means the "impairment(s) interferes seriously with [claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. 416.926a(e)(2)(i). An extreme limitation means the "impairment(s) interferes very seriously with [claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. 416.926a(e)(3)(i).

### 2. THE ALJ'S THREE-STEP ANALYSIS.

In his decision, the ALJ found at steps one and two of the sequential evaluation process that the plaintiff was not engaged in substantial gainful activity and that her impairments, ADHD and Tourette's Syndrome, were severe (AR 16). At step three, the ALJ found that

4

plaintiff's impairments neither met nor medically equaled any of the listed impairments under 20 C.F.R. 404, subpt. P, app. 1 (AR 17). The ALJ found that plaintiff had a marked impairment in the attending and completing tasks domain, less than marked impairments in the acquiring and using information, caring for oneself, and health and physical well-being domains, and no marked impairment in the remainder of the domains. Thus, plaintiff's impairments did not functionally equal the listings (AR 17–22). For the health and well-being domain, the ALJ found that plaintiff's "functional impairment . . . [did] not constitute a significant impediment to her continued growth and maturation" (AR 22). The ALJ did not make a specific finding as to the severity of the side effects of plaintiff's medications or their impact on her health and physical well-being.

### 3. THE ALJ ERRED IN FAILING TO MAKE SPECIFIC FINDINGS ON THE IMPACT OF SIDE EFFECTS.

The health and well-being domain considers "the cumulative physical effects of the physical or mental impairments and their associated treatments or therapies" that were not considered under the moving about and manipulating objects domain. 20 C.F.R. 416.926(a)(*l*). Under this domain, the ALJ must consider whether "the medication [taken] or treatments [received] have physical effects of medication that also limit [the] performance of activities." 20 C.F.R. 416.926(a)(*l*)(2). "If the [ALJ] chooses to disregard a claimant's testimony as to the subjective limitations of side effects, he must support that decision with specific findings . . . ." *Varney v. Sec'y of Health and Human Servs*, 846 F.2d 581, 585 (9th Cir. 1988).

Since "medications can create [] side effects that cause or contribute to [claimant's] functional limitations," a showing of a disabling side effect could result in a marked limitation in the health and physical well-being domain. 20 C.F.R. 416.924a(9)(i)(A). Given that the ALJ determined that plaintiff had a marked limitation in the attending to and completing tasks domain, an additional finding of a marked limitation would result in a determination that F.R.A. was disabled and eligible for SSI. Thus, a finding as to the impact of the medications' side effects is required. It will be of assistance both to this Court and the Ninth Circuit on any subsequent appeal.

5

When Ms. Acosta stated the medication made F.R.A. very tired and caused her to sleep "a lot," the ALJ asked for additional details. Ms. Acosta related that F.R.A. took three-to-four-hour naps after school. The record shows in addition to Ms. Acosta's testimony on the medications' side effects, Dr. Seffinger noted that they were severe and Dr. Banducci stated that the medication was sedating. The transcript also shows that the ALJ asked the medical expert if the combination met or equaled the listings in his opinion (AR 355). Subsequently, plaintiff's counsel asked the medical expert "specifically . . . why in combination the cumulative impact or effect [of the impairments and medication side effects] would not be marked." The expert responded, "she is able to lead a normal life, she is able to take care of herself with some help, and she is able to be in school . . . " (AR 358). Nothing in the ALJ's decision indicates that he specifically adopted Dr. Grossman's opinion. Nothing indicates that he considered or disregarded Ms. Acosta's testimony on the side effects. The ALJ erred by failing to address this testimony in his decision. In light of above evidence, the ALJ had an obligation to make a specific finding on the limiting nature of the side effects. *Varney*, 846 F.2d at 585.

### 4. FURTHER ADMINISTRATIVE PROCEEDINGS ARE NECESSARY.

"The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998). The general rule is that remand for further administrative proceedings "is appropriate if enhancement of the record would be useful." *Harmon v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Here, this order finds that the ALJ may wish to hear additional evidence on the impact the medications' side effects have on plaintiff's functioning. Accordingly, remanding the case for additional evidence, or at least for the ALJ to elaborate his analysis of the foregoing issues, is the most appropriate course of action.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is **GRANTED** to the extent stated and defendant's motion for summary judgment is **DENIED**. The case is **REMANDED**

6

for further proceedings consistent with this order. The Court shall retain jurisdiction over any subsequent appeal. Meanwhile, the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 24, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE