IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLORIA ACOSTA, Parent on behalf of
FABIAN R. ACOSTA, a minor child,

    Plaintiff,

  v.

MICHAEL J. ASTRUE,
Commissioner,
Social Security Administration,

    Defendant.
                                   /

No. C 06-04607 WHA

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER THE EAJA**

## INTRODUCTION

In this social security appeal, plaintiff moves for an order awarding attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d). Plaintiff's motion for fees is **GRANTED**. This order finds plaintiff's counsel is entitled to recover attorney's fees in the amount of $9,133.20 and costs in the amount of $369.76.

## STATEMENT

On July 28, 2006, plaintiff filed an appeal of an adverse decision from an administrative law judge denying social security disability benefits. On January 19, 2007, plaintiff filed a summary judgment motion. An order dated April 24, 2007, reversed the decision of the administrative law judge and remanded the action for further proceedings. The order held that

the administrative law judge erred in failing to make a specific finding on the limitations imposed by the side effects of the medications used to ameliorate the applicant's Tourette's Syndrome and ADHD. This motion for fees followed.

**ANALYSIS**

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought . . . against the United States . . . unless . . . the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A). Such fees and costs awarded by the Court must be reasonable. 28 U.S.C. 2412(d)(1)(C)) and 2412(d)(2)(A).

**1.     ENTITLEMENT.**

The Supreme Court in *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993), held that a party who wins a sentence-four remand order under 42 U.S.C. 405(g) qualifies as a prevailing party. Applying *Schaefer*, plaintiff became a prevailing party when the Court reversed the decision of the administrative law judge and remanded the action for further proceedings.

To be substantially justified, "the government's position must have a reasonable basis in law and fact." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In other words, the position must be "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. The Court must consider the reasonableness of both "the underlying agency action and the legal position of the United States during litigation." *Timms v. United States*, 742 F.2d 489, 492 (9th Cir. 1984). The government bears the burden of proving its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 403 (2004).

Defendant claims the Court reversed the decision of the administrative law judge and remanded the action for further proceedings because of a "writing error" (Opp. 3). That is inaccurate. The Court remanded the action because the ALJ failed to make a specific finding on the limitations imposed by the side-effects of medications used to ameliorate the applicant's Tourette's Syndrome and ADHD, as required by *Varney v. Secretary of Health and Human*

1 *Services*, 846 F.2d 581, 585 (9th Cir. 1988) (Ord. 5–6).  The government's position was in
2 direct conflict with the Ninth Circuit decision in *Varney* and had no reasonable basis in law.
3 Accordingly, this order finds that the government's position was not substantially justified.

4 A court may also decline to award attorney's fees if it finds that "special circumstances
5 make an award unjust."  28 U.S.C. 2412(d)(1)(A).  Defendant has not tried to show "special
6 circumstances."  Accordingly, the Court need not address this issue.

7 In sum, plaintiff is a prevailing party and the government has failed to prove its position
8 was substantially justified or that special circumstances make an award unjust.  Accordingly,
9 plaintiff's motion for fees is **GRANTED**.

10     **2.**    **REASONABLENESS OF FEES**.

11 This order now turns to the amount claimed by plaintiff.  Plaintiff seeks $9,133.20 in
12 attorney's fees (50.5 hours at a rate of $172.00/hr) plus $372.76 in costs (Sackett Suppl.
13 Decl. ¶ 2).

14 "The most useful starting point for determining the amount of a reasonable fee is the
15 number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."
16 *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The resultant figure is commonly referred to
17 as the "lodestar."  In rare cases, we may increase or reduce the presumptively reasonable
18 lodestar fee on the basis of factors enunciated by *Kerr v. Screen Extras Guilds, Inc.*, 526 F.2d
19 67, 70 (9th Cir. 1975).

20     **A.**    **Number Of Hours Reasonably Expended.**

21 It is plaintiff's burden to document "the appropriate hours expended in the litigation by
22 submitting evidence in support of those hours worked."  *Gates v. Deukmejian*, 987 F.2d 1392,
23 1397 (9th Cir. 1992).  The appropriate number of hours includes all time "reasonably expended
24 in pursuit of the ultimate result achieved, in the same manner that an attorney traditionally is
25 compensated by a fee-paying client for all time reasonably expended on a matter."  *Hensley*,
26 461 U.S. at 431.  It does not include hours that are "excessive, redundant, or otherwise
27 unnecessary because, for example, the case is overstaffed."  *Id*. at 433, 437.
28

The party opposing the fee application "has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994) (quoting *Deukmejian*, 987 F.2d at 1397–98). Conclusory and unsubstantiated objections are not sufficient to warrant a reduction in fees. *Deukmejian*, 987 F.2d at 1397–98.

Plaintiff has submitted detailed declarations demonstrating the 50.5 hours billed by her attorney in this action (Sackett Decl. ¶ 4; Sackett Suppl. Decl. ¶ 2). Defendant has responded to the declarations by arguing that plaintiff's attorney over-billed. The Court is unpersuaded. We have reviewed counsel's bill and find no merit in defendant's numerous objections. Furthermore, this order finds the 50.5 hours billed reasonable in the light of the relative complexity of this social security appeal and the level of success achieved for plaintiff.

Responding to defendant's request pursuant to FRE 201(d), the Court takes judicial notice of CM/ECF Document 20, Memorandum of Points and Authorities (supporting Petition for Attorney Fees and Expenses under the Equal Access to Justice Act), in Case No. C 05-01879 HRL, *Jorgensen v. Astrue*, United States District Court for the Northen District of California, filed on May 24, 2007, by Marc V. Kalagian, Esq. of the law firm Rohlfing and Kalagian. Plaintiff's attorney admits that he copied from Mr. Kalagian's brief in preparing the Memorandum of Points and Authorities for this motion for attorney's fees. He does not, however, seek remuneration for that portion of the pleadings (Resp. 4). Thus, we see no reason to reduce his billable hours.

Based on the foregoing discussion, this order finds that plaintiff is entitled to reimbursement for 50.5 hours.

**B.     Reasonable Hourly Rate.**

A prevailing party may recover his or her reasonable fees and expenses, but cannot claim attorney's fees "in excess of $125 per hour unless the court determines an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Here,

4

1  plaintiff's attorney seeks fees calculated at a rate adjusted to account for an increase in the cost-
2  of-living.
3       In *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001), the Ninth Circuit computed a
4  cost-of-living adjustment by multiplying the basic EAJA rate cap (*i.e.*, $125) by the current
5  Consumer Price Index for Urban Consumers ("CPI-U") for the year the fees were earned, then
6  dividing the product by the CPI-U in the month the statutory rate cap was imposed (*i.e.*, March
7  1996). The quotient equals the adjusted hourly rate.
8       Plaintiff has computed his claim for adjusted fees as follows:

INDEX POINT CHANGE

| | |
|---|---|
| CPI (December 2006) | 210.4 |
| Less March 1996 index | 152.9 |
| Equals index point change | 57.5 |

PERCENTAGE CHANGE

| | |
|---|---|
| Index point difference | 57.5 |
| Divided by March 1996 index | 152.9 |
| Equals: | 0.3760 |
| Results multiplied by100 | 3760.0 |
| Equals percentage change | 37.60% |

16       Based on the above computation, plaintiff's attorney claims his hourly rate should be
17  enhanced to $172.00 per hour (Sackett Decl. ¶ 4). Defendant does not oppose an upward
18  adjustment. Accordingly, this order finds plaintiff's attorney's hourly rate should be enhanced
19  to $172 per hour.

          **C.**    **Lodestar Amount.**

21       This order now turns to compute the lodestar amount. As stated above, this is calculated
22  by multiplying the number of hours reasonably expended on the litigation by a reasonable
23  hourly rate. Based on the foregoing analysis, this order finds that the presumptively reasonable
24  lodestar amount in this action is $9,133.20.
25       In rare cases, we may increase or reduce the lodestar amount based on factors
26  enunciated in *Kerr*. We have already discussed one of those factors, the time and labor
27  required; defendant has not argued for a reduction in fees based on the other factors.
28  Accordingly, this order finds no reason to reduce the lodestar in this action.

**D. Costs**.

Under the EAJA, 28 U.S.C. 2412(a)(1), a district court may also award costs to a prevailing party. In the instant action, plaintiff seeks reimbursement for a federal court filing fee in the amount of $350.00 (Sackett Decl. ¶ 4). Additionally, plaintiff seeks reimbursement in the amount of $19.76 for postage and $3.00 in photocopying costs (*ibid.*). Defendant does not contest plaintiff's request for reimbursement. Pursuant to Civil Local Rule 54-3(d)(3), however, "[t]he cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable." Thus, plaintiff's request for reimbursement in the amount of $3.00 for photocopying the civil cover sheet, summons and complaint (six copies times five pages each) is denied. Accordingly, this order awards plaintiff $369.76 in costs.

## CONCLUSION

For the foregoing reasons, plaintiff's request for attorney's fees and costs under the EAJA, 28 U.S.C. 2412(d), is **GRANTED**. This order finds plaintiff's counsel is entitled to recover reasonable attorney's fees in the amount of $9,133.20 and costs in the amount of $369.76.

**IT IS SO ORDERED.**

Dated: November 14, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE